## LEWIS *v.* STATE.

In Banc. May 8, 1950.

No. 37349 (46 So. (2d) 78)

**John H. Culkin,** for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**McGehee, C. J.**

The appellant, Porter Lewis, was convicted of the murder of his wife and sentenced to death. We are of the opinion that only one of the assignments of error on this appeal is well taken.

The trial court excluded the testimony of the doctor who testified in response to a hypothetical question, embodying the material facts in the case, that "I do not believe he (the accused) knew the difference between right and wrong". In view of the character of the disease from which the accused had suffered since infancy and the other material circumstances of the case, we think that it was a question for the jury as to whether or not the testimony of the doctor and of the father of the accused as to his previous state of mind, whose testimony was also excluded, was such as to be calculated to raise a reasonable doubt as to whether or not he was of such mental condition as to be able to distinguish between right and wrong at the moment he shot and killed his wife.

We refrain from discussing the facts of the case in detail since the cause is to be retried. It is sufficient to say we think the trial court was in error in excluding the above mentioned testimony as shown by the decisions of this court in the cases of Cunningham v. State, 56 Miss. 269, 21 Am. Rep. 360; Smith v. State, 95 Miss. 786, 49 So. 945, 27 L. R. A., N. S., 461, Ann. Cas. 1912, 23, and Waycaster v. State, 185 Miss. 25, 187 So. 205.

The cause will, therefore, be reversed and remanded for a new trial.

Reversed and remanded.